■ JOSEPHINE DENICOLA, as Successor Executrix of FRANK MAZZARULLI, Deceased, et al., Appellants, v S. S. SILBERBLATT, INC., Respondent.—Judgment, Supreme Court, Bronx County, entered January 31, 1978, dismissing plaintiff's complaint, reversed, on the law, and the case remanded for a new trial, with costs to abide the event. Appeal from order, Supreme Court, Bronx County, entered October 26, 1977, denying plaintiff's motion to set aside and vacate dismissal of the action and for a new trial, dismissed, without costs, as that order was subsumed in the judgment. Plaintiff, successor executrix of the estate of Frank Mazzarulli, sues to recover

damages, for injuries sustained by Mr. Mazzarulli and for his death which resulted from an accident occurring on December 3, 1969 while employed as a bricklayer on a New York City Housing Authority construction site. The complaint alleged that the deceased was an employee of John A. Johnson & Sons Co. In addition to varying denials, the defense interposed the affirmative defense that John A. Johnson & Sons Co. was a division of the defendant, that the deceased was thus employed by defendant at the time of the accident resulting in his death, and that, accordingly, plaintiff's sole remedy was that provided by the Workmen's Compensation Law (now Workers' Compensation Law). After a trial before a court and jury, limited solely to the issue presented by the affirmative defense, the trial court dismissed the complaint, concluding that the affirmative defense was established as a matter of law. Thereafter plaintiff received previously subpoenaed records disclosing that John A. Johnson & Sons Co. had maintained a separate and active bank account during a relevant period of time. Plaintiff moved to set aside and vacate the dismissal of the complaint and for a new trial, which motion was denied. The trial evidence focused primarily on the relationship between John A. Johnson & Sons Co. and John A. Johnson & Sons, Inc., and the relationship of both to the defendant. Defendant's chairman testified in substance that defendant had acquired John A. Johnson & Sons, Inc., in 1958, consolidated it with the defendant, and thereafter operated Johnson under the name John A. Johnson & Sons Co., a division of Silberblatt. After a time, separate papers were filed, once again incorporating John A. Johnson & Sons, Inc. This was done, he testified, solely to retain the name, the corporation existing thereafter as a shell without stock, employees, bank accounts or functions. Although there was substantial evidence to support defendant's thesis that the corporation survived only as a shell and that the company was a division of the defendant, we disagree with the trial court that the evidence considered did not present a factual issue for the jury's consideration. The records of the Workmen's Compensation Board as well as those of the insurance underwriter disclose varying references to the name of the deceased's employer. Although not necessarily inconsistent with the defendant's position on the trial, these references, when considered with the evidence as a whole, raise factual questions sufficient to preclude a determination of the issue raised on the trial in favor of the defendant as a matter of law. In light of this conclusion, it is unnecessary to consider the separate issue raised by plaintiff's motion to vacate the dismissal of the complaint following the belated receipt of the bank records. Concur—Kupferman, J. P., Sandler, Bloom, Lane and Lupiano, JJ.